**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DEWAIN BOOGIE TROTTER,
DEMARCUS LACEY,
BRYCE BLEVINS,
BAILEY FISHER,
JOHANNA STROM,
PEYTON ILDERTON,
MEREDITH MAIER,
BLESSING KING,
PAIGE SIMPSON,
RYAN HOLMES,
HANNAH WYLER,
KSENIA MAMONTOVA,
ALLIE MARTIN, and
LEILA BOUSEDDRA,

Plaintiffs,

v. CIVIL ACTION NO. 3:26-0523

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Request for Temporary Restraining Order and Preliminary and Permanent Injunctions (ECF No. 2). Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions and temporary restraining orders. Rule 65(a)(1) provides that a "court may issue a preliminary injunction only on notice to the adverse party." A temporary restraining order, in contrast, may issue without notice to the defendants, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Nothing indicates the defendant in this action has received notice of Plaintiffs' requests. Further, Plaintiffs' counsel have not certified their efforts to give the defendant notice of the requests.[1]

The Court also notes the Plaintiffs' two filings in this case are the same document. *Compare* ECF No. 1 *with* ECF No. 2. Redundant filings do not help the Court. Instead, Plaintiffs should have filed (1) a verified complaint "show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and (2) a motion explaining the legal basis for a temporary injunction and describing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The Court **HOLDS IN ABEYANCE** Plaintiffs' Request for Temporary Restraining Order and Preliminary and Permanent Injunctions (ECF No. 2) until Plaintiffs comply with Federal Rule of Civil Procedure 65. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 25, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

[1] Counsel's failure to satisfy Rule 65 is noteworthy. Just a few months ago, the Court denied a request for a temporary restraining order, filed by one of the Plaintiffs' attorneys in this case, because the request did not comply with Rule 65's notice requirements. *See Hatfield v. Transgas Dev. Sys., LLC*, CIV. A. NO. 3:25-0714, slip op. at 2 (S.D. W. Va. Dec. 23, 2025).