**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DEWAIN BOOGIE TROTTER,
DEMARCUS LACEY,
BRYCE BLEVINS,
BAILEY FISHER,
JOHANNA STROM,
PEYTON ILDERTON,
MEREDITH MAIER,
BLESSING KING,
PAIGE SIMPSON,
RYAN HOLMES,
HANNAH WYLER,
KSENIA MAMONTOVA,
ALLIE MARTIN, and
LEILA BOUSEDDRA,

Plaintiffs,

v. CIVIL ACTION NO. 3:26-0523

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' request for a temporary restraining order (ECF No. 1). For the reasons stated below, the Court **DENIES** Plaintiffs' request.[1] The Court also **ORDERS** briefing on Plaintiffs' request for a preliminary injunction and **SCHEDULES** a preliminary-injunction hearing,

[1] Plaintiff initially failed to comply with Federal Rule of Civil Procedure 65(b)(1), which requires a party requesting a temporary restraining order to give the adverse party notice of the request or explain "why it should not be required." *See* ECF No. 4. But Plaintiffs have now mailed a copy of their request to the NCAA and emailed copies to NCAA's counsel. *See* ECF No. 5

## BACKGROUND

Plaintiffs are student-athletes at Marshall University (MU) and Ohio University (OU). *See* ECF No. 1, Compl. ¶¶ 11–24. Each plaintiff graduated from high school in 2022, and each has played four seasons of a college sport. *See id.*

Defendant National Collegiate Athletic Association (NCAA) is an association of United States colleges and universities, including MU and OU. *See id.* ¶ 25. It "sets and enforces the rules of [athletic] eligibility and competition for its member institutions . . . ." *Id.*

Historically, the NCAA has limited student-athletes to participating in four seasons of college sports. *See id.* ¶ 26. So "an athlete who first enrolled in college in . . . 2022 . . . and competed in every subsequent season would have exhausted four seasons of competition by the end of the 2025-26 season." *Id.* ¶ 27. But "[i]n response to the disruption caused by the COVID-19 pandemic, the NCAA extended an additional year of eligibility to student-athletes whose seasons were affected by the pandemic. Athletes who first enrolled in college between 2017 and 2020 were, in many cases, granted five or six seasons of intercollegiate competition." *Id.* ¶ 28. The NCAA recently made this rule permanent for "student-athletes graduating from high school in 2023 or later." *Id.* ¶ 29. As a result, Plaintiffs, who graduated high school in 2022, may compete in college sports for only four years,[2] while their peers who graduated the following year may compete for five years. *See id.* ¶ 31.

Plaintiffs sued, alleging the NCAA's decision to limit their athletic eligibility to four years violates federal antitrust law, state contract and consumer-protection law, and West Virginia and Ohio's "name, image, and likeness" statutes. *See id.* at 14, 17, 19–23. They ask the Court for a

[2] Three of the plaintiffs graduated high school in 2022 but enrolled at MU in the spring of 2022. *See* Compl. ¶ 36. The NCAA has "not clarified whether it will treat" them the same as students who enrolled at MU in the fall of 2022. *Id.*

temporary restraining order and preliminary injunction requiring the NCAA to allow them to compete during the 2026–27 school year *Id.* ¶ 86. They also ask the Court to prohibit the NCAA from penalizing Plaintiffs, their coaches, or MU or OU for allowing Plaintiffs to compete.[3] *See id.*

**ANALYSIS**

"A temporary restraining order . . . should issue only when the plaintiff can '(1) establish that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that injunctive relief is in the public interest.'" *S.C. Progressive Network Ed. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020) (cleaned up) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Plaintiffs have failed to show their claim is likely to succeed on the merits. In *Robinson v. NCAA*, 172 F.4th 271 (4th Cir. 2026), the Fourth Circuit set a high evidentiary bar for requests to preliminarily enjoin NCAA eligibility rules on antitrust grounds. For starters, a plaintiff must provide "analysis of data or current market conditions" to establish the "relevant product and geographic markets" for the Sherman Act analysis. *Robinson*, 172 F.4th at 293–94; *see also id.* at 293 ("[T]he rule of reason analysis requires courts to conduct a fact-specific assessment of market power and market structure to assess the restraint's effect on competition."). Plaintiffs have not provided any such analysis. An antitrust plaintiff also bears the burden to show "that the challenged restraint has a substantial anticompetitive effect." *Ohio v. Am. Express Co.*, 585 U.S. 529, 541 (2018); *see Robinson*, 172 F.4th at 292 (denying a preliminary injunction where plaintiffs failed to show NCAA eligibility rules "reduced output, increased prices, decreased wages, or decreased quality"). But here, Plaintiffs have not provided any evidence—let alone the expert economic

---

[3] "NCAA Bylaw 12.9.4.2 . . . authorizes the NCAA to impose penalties on member institutions and coaches who permit an ineligible athlete to compete in reliance on a court order that is later modified, dissolved, or reversed." Compl. ¶ 42.

analysis plaintiffs typically produce in cases like this[4]—showing the challenged edibility rules unduly restrain commerce.

Plaintiffs' state-law claims fare no better. Plaintiffs have not submitted a memorandum of law explaining (1) why "Plaintiffs are intended third-party beneficiaries" of the NCAA's contract with its members, Compl. ¶ 56, (2) how the challenged eligibility framework violates W. Va. Code §§ 46A-6-104 and 18B-22 and Ohio Rev. Code § 3376.03, *see id.* ¶¶ 63, 72, 77, or (3) how the NCAA's conduct constitutes tortious interference, *see id.* ¶ 83. *See* L.R. Civ. P. 7.1 ("A memorandum of law . . . must accompany . . . motions . . . for injunctive relief or for a temporary restraining order . . . ."). Nor have they provided sufficient evidence showing the NCAA has "made clear and definite promises to Plaintiffs . . . that its eligibility rules would be applied consistently and fairly . . . ." Compl. ¶ 68. Since Plaintiffs have not shown that any of their legal theories are likely to succeed on the merits, the Court will not issue a temporary restraining order.

## CONCLUSION

The Court **DENIES** Plaintiffs' request for a temporary restraining order.

The Court **DIRECTS** Plaintiffs to file a motion for a preliminary injunction, an accompanying memorandum of law, and any supporting exhibits **by 5:00 P.M. on August 27, 2026**. In their memorandum, Plaintiffs should specify the legal theories on which they base their motion. They should also submit evidence, through affidavits or declarations, to supply the factual basis necessary for relief. The Court **DIRECTS** Defendant to respond **by 12:00 P.M. on August 31, 2026**. The Court **DIRECTS** Plaintiffs to file a reply **by 12:00 P.M. on September 1, 2026**. The Court **SCHEDULES** a preliminary-injunction hearing for 1:30 P.M. on September 2, 2026.

[4] *See, e.g.*, *Wisne v. NCAA*, Civ. A. No. 1:26-cv-03063, 2026 WL 2214234, at *11–12 (D. Colo. July 31, 2026).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties. The Court further **DIRECTS** the Clerk to email a copy of this order to Benjamin L. Bailey (bbailey@baileyglasser.com), Chrisopher D. Smith (csmith@baileyglasser.com), Hannah K.W. Petros (hpetros@baileyglasser.com), Taylor J. Skew (Taylor.askew@hklaw.com), and Davis Zeitlin (David.zeitlin@hklaw.com).

ENTER: August 26, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE