**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DEWAIN BOOGIE TROTTER,
DEMARCUS LACEY,
BRYCE BLEVINS,
BAILEY FISHER,
JOHANNA STROM,
PEYTON ILDERTON,
MEREDITH MAIER,
BLESSING KING,
PAIGE SIMPSON,
RYAN HOLMES,
HANNAH WYLER,
KSENIA MAMONTOVA,
ALLIE MARTIN, and
LEILA BOUSEDDRA,

Plaintiffs,

v. CIVIL ACTION NO. 3:26-0523

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order Denying Preliminary Injunction, or in the alternative, Renewed Motion for Temporary Restraining Order and Preliminary Injunction, and for Limited Expedited Discovery, as to Plaintiffs Dewain Boogie Trotter and Demarcus Lacey. ECF No. 27. Defendant National Collegiate Athletic Association (NCAA) opposes the motion. To the extent Plaintiffs Trotter and Lacey seek expedited discovery, the Court **DENIES** the motion.

In their motion, Plaintiffs ask the Court to order expedited discovery so that their expert, Dr. Joel G. Maxcy, may analyze additional data to measure the effect of Name, Image, and

Likeness (NIL) and revenue-sharing payments for Division I football players by class year. Plaintiffs seek the data from the NCAA, the College Sports Commission, and member institutions.

This Court has broad discretion to supervise discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). However, "[t]he Federal Rules of Civil Procedure do not specify a standard for assessing when to grant Motions for Expedited Discovery, and the Fourth Circuit has not established one." *Does 4 v. Musk*, No. CV 25-0462-TDC, 2025 WL 1505305, at *2 (D. Md. May 27, 2025) (citation omitted). Nevertheless, both parties ask the Court to consider the factors set forth in *Garcia v. Noem*, 348 F.R.D. 589 (D. Md. 2025), in deciding whether expedited discovery should be granted in this case.

In *Garcia*, the Maryland District Court applied a good cause standard and looked to the following seven non-exhaustive factors:

> (1) whether a preliminary injunction motion is pending; (2) the breadth of the requested expedited discovery; (3) the proffered reasons for the expedited discovery; (4) the burden on the opponent to comply with the request for expedited discovery; (5) whether the evidence sought could be obtained more efficiently from some other source; (6) the extent to which the discovery process would be expedited; and (7) whether a motion to dismiss for failure to state a claim is pending.

*Garcia*, 348 F.R.D. at 591. In support of its position, Plaintiffs assert that, although the NCAA has filed a motion to dismiss, its motion does not outweigh Plaintiffs' motion for the Court to reconsider their request for preliminary relief. Additionally, they assert their requested discovery is limited and directed to gather the information the NCAA asserts they lack.

On the other hand, the NCAA points out that this Court issued its decision on their motion for a preliminary injunction on September 2, 2026,[1] yet Plaintiffs have not attempted to schedule a Rule 26(f) meeting or done anything to advance their case. Additionally, the NCAA disagrees with Plaintiffs that the discovery is limited. Rather, the NCAA asserts it is overbroad and encompasses a wide reach of documents not only from the NCAA, but also from two nonparties: the College Sports Commission and unidentified member institutions. The NCAA asserts it is impossible for this Court to even weigh the burden of expedited discovery of the unidentified nonparties.

Upon review, the Court agrees with the NCAA and finds Plaintiffs have failed to demonstrate good cause. Plaintiffs sat silent for nearly two months and now ask for expedited discovery to gather the evidence they believe is needed to support their claim before the football season soon comes to a close. The fact this request could have come much earlier to alleviate the urgency now pushed by Plaintiffs is not lost on the Court, and the Court recognizes the obvious burdens it imposes on the NCAA and the nonparties to produce the plethora of documents requested by Plaintiffs on such a condensed timeframe. Accordingly, to the extent Plaintiffs request expeditated discovery, the Court **DENIES** the motion. The remainder of the motion remains under consideration by the Court.

The Clerk **DIRECT** the Clerk to send a copy of this Order to counsel of record any unrepresented parties.

ENTER: November 3, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

[1]Subsequently, the Court entered a Memorandum Opinion and Order on September 9, 2026.